SALOME R. LAMPHEAR

*v.*

HORACE J. SUBERS et al.

[Submitted February 18th, 1915. Decided February 20th, 1915.]

1. A court of equity may, in the first instance, settle the question of legal title, where other grounds of equitable jurisdiction are present, but then only when the jurisdiction is not assailed or a trial of law is waived.

2. Where a bill for injunction alleges ownership of that part of the bed of a stream from which defendant was taking gravel under claim of right, irremediable injury, destruction of inheritance, diversion of stream, &c., but there was no showing of insolvency, and the allegations were refuted by the nature of the injury, which was in the nature of a trespass, for which adequate remedy existed, the bill would not be retained until the outcome of the action at law to settle the legal title.

3. Equity will not restrain a non-continuing trespass, where the injury does not appear to be irremediable and destructive of the estate, and where there is an adequate remedy at law.

*Mr. Azariah M. Beekman,* for the complainant.

*Mr. Clarence E. Case,* for the defendants.

BACKES, V. C.

This is a bill filed to restrain the defendants from removing sand and gravel from the bed of the North Branch river, one of the tributaries of the Raritan river, in Somerset county. The main lands of the complainant and defendant Subers lie on opposite banks of the river. The bill sets up the complainant's title to her lands, by metes and bounds, the southerly boundary running along the middle of the stream. It is alleged that within these boundary lines, in the stream, is a large deposit of sand and gravel, one hundred loads of which the defendants have taken, and several hundred tons more they threaten to take, for the purpose of building a dam and sluiceway in the river, on the property of the defendant Subers, and that Subers has taken the sand under a claim that he, and not the complainant, is the owner of the land from which it is taken. The bill then alleges that

"The removal of the said sand and gravel would work serious and permanent injury to her financially and also impair and destroy the rights and hereditaments arising from her ownership of said land and connected therewith and the continuation of the taking of the same would result in an irreparable injury to her said premises in that the said sand and gravel would be so removed as not to be readily and properly replaced and by the removal of the same to any appreciable extent the course of the said north branch of the Raritan river would be diverted in such a way as to threaten and destroy the lands of your oratrix immediately adjacent thereto and that the taking of the said gravel has already resulted in the obstruction and diversion of the waters of the said stream to the depreciation of the value of the lands of your oratrix and has and will result in great and irreparable injury to her property and the injury will be such as will be likely to continue and increase in severity and extent, as the material taken cannot be replaced to its original condition and cannot be compensated for in money value only, particularly without resort to a multiplicity of suits in the law courts of this state."

The defendant Subers in his answer admits the taking of the sand, and asserts that he took it as of right under his title, which he sets out in full, under which he claims the bed of the stream from bank to bank, including the *locus in quo*. He also answers that the dam and sluiceway, for which the sand was taken, has been completed, and that he has no intention of taking more. The answer challenges the jurisdiction of the court. Upon the filing of the bill, an order to show cause was made why an injunction should not issue, with an *ad interim* stay, which, by consent, was continued without day. The cause has been set down for final hearing, and a motion is now made, as of the hearing day, that the restraint be removed and the bill dismissed, or that the bill be retained pending a trial at law of the issue of title. The view I entertain of the case makes it unnecessary to deal with the propriety of the continuance of the restraining order. The dispute between the parties is as to which of them owns the bed of the river from which the sand was taken, and the solution depends upon and involves an examination into their respective titles and a determination as to which should prevail. This must be tried at law. *Outcalt* v. *George W. Helme Co., 42 N. J. Eq. 665.* A court of equity may, in the first instance, settle the question of legal title, where other grounds of equitable jurisdiction are present, such as are pointed out in *Hart* v. *Leonard, 42 N. J. Eq. 416*, but then only when the jurisdiction is not assailed or a trial at law is waived. *Public Service Corporation of New Jersey* v. *Town of Westfield, 82 N. J. Eq. 43; affirmed, Ibid. 662.* I find no such features here to take the case out of the principle governing *Todd* v. *Staats, 60 N. J. Eq. 507; South Amboy* v. *Pennsylvania Railroad Co., 77 N. J. Eq. 242; Mason* v. *Ross, 77 N. J. Eq. 527; Imperial Realty Co.* v. *West Jersey Railroad Co., 79 N. J. Eq. 168.* "Irreparable injury" is alleged, it is true, but it is not apparent. If the defendant has wrongfully taken the complainant's sand, an action for damages, to be measured by the value of the sand and the extent of other injuries, affords an adequate relief. There is no claim or pretence that the defendants are not able to respond to a money judgment against them. "Destruction of the inheritance" is also pleaded, but it is not

demonstrated. It is claimed that the removal of the sand would divert the course of the stream in such a way as to destroy the complainant's bank and the meadow land adjoining. But how can this be so, from the nature of things? The sand of a river is an ever-shifting element, and that which is removed is quickly replaced. If, however, by the removal the course of the stream should be changed, it would either add to, or make small inroads upon, the complainant's upland, and any damage or injury that might be sustained, would be inconsiderable, for which full compensation could be had in an action of trespass. The conduct charged to the defendants is nothing more than that of a trespasser. Equity will not interpose by injunction to restrain a trespass, where the injury does not appear to be irremediable, and destructive of the estate, and where the ordinary legal remedy in the courts of law can afford adequate satisfaction. *Quackenbush* v. *Van Riper, 3 N. J. Eq. 350.*

Therefore, the trespass not being a continuing one, involving a multiplicity of suits to secure redress, and there appearing to be no reserved equitable remedies warranting a retention of the bill until the disputed legal title is settled at law (*Outcalt* v. *Helme Company, supra*), and the defendant having seasonably questioned the jurisdiction, the bill will be dismissed, with costs.

There is another reason why the prayer of the bill for a permanent injunction must be denied and the bill dismissed. The invasion of the complainant's property was temporary and for a purpose which is now at an end. It is so alleged in the answer and admitted by the complainant's counsel. Obviously, a writ will not issue, which would be futile. The decree will be without prejudice to the complainant's remedy at law.